UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE MUNRO,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. COPYRIGHT OFFICE and REGISTER OF COPYRIGHTS,<br><br>*Defendants*. | Civil Action No. 22-2909 (TJK) |

### DEFENDANTS' COUNTER-STATEMENT OF DISPUTED FACTS

Although judicial review in this case is based solely on the Administrative Record,[1] Plaintiff included a "Statement of Undisputed Material Facts." *See* ECF No. 29-1 at 3–10. Accordingly, Defendants, the U.S. Copyright Office ("the Office") and the Register of Copyrights, provide this Counter-Statement of Disputed Facts in the format ordinarily required by Paragraph 12.b. of the Court's Standing Order (ECF No. 17).

| **Plaintiff's Statement** | **Defendants' Response** |
|---|---|
| 1. Plaintiff Munro is a "legendary contemporary artist." US_26, 37. Munro is "heralded for [ ] site-specific installations," *id*.; US_36-38, 40-41, 43, and as an artist "is to fiber-optics . . . as Dale Chihuly is to blown glass and Christo is to wrapped fabric." US_40. | 1. Defendants do not dispute that Paragraph 1 accurately represents the cited materials. However, these "factual allegations [are] not material to [Plaintiff's] substantive claims." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996). |
| 2 [footnote omitted]. Munro has received substantial accolades and professional awards | 2. Defendants do not dispute that Paragraph 2 accurately represents the cited materials. |

---

[1] *See* LCvR 7(h)(2) (stating that the requirements for statements of material facts "shall not apply to cases in which judicial review is based solely on the administrative record."). *See also* Comment to LCvR 7(h) ("[I]n cases where review is based on an administrative record the Court is not called upon to determine whether there is a genuine issue of material fact, but rather to test the agency action against the administrative record. As a result, the normal summary judgment procedures requiring the filing of a statement of undisputed material facts is not applicable.")

| **Plaintiff's Statement** | **Defendants' Response** |
|---|---|
| for his artistic creations. *See* US_26-27, 36-38, 40-41, 43. Arts organizations, renowned museums like the Guggenheim, and top tier publications like *The Washington Post*, *The New York Times*, and art magazine *My Modern Met* all laud Munro's artwork, which has landed on multiple "best of" and top 10 lists over the years. *Id.* | However, these "factual allegations [are] not material to [Plaintiff's] substantive claims." *Jackson*, 101 F.3d at 153. |
| 3. Exhibitions of Munro's artwork are no small event, see US_36, 38, 40-41, 43, and like tours of famous rock stars draw hundreds of thousands of attendees. *See* US_40. | 3. Defendants do not dispute that Paragraph 3 accurately represents the cited materials. However, these "factual allegations are not material [to Plaintiff's] substantive claims." *Jackson*, 101 F.3d at 153. |
| 4. To date, USCO-approved copyright registrations have issued for multiple Munro sculptural works. US_27 (citing U.S. Copyright Reg. Nos. VA 2-169-192 and VA 2-176-825). | 4. Defendants do not dispute that the Office has registered the two other works cited in Paragraph 4, that these works were authored by Plaintiff, and that the effective registration for each of the two works is February 28, 2012. However, that the Office registered other works by Plaintiff is "not material to [Plaintiff's] substantive claims." *Jackson*, 101 F.3d at 153. The other registered works are not comparable to the Work at issue here. The work registered under registration number VA0002176825, titled "Forest of Light Longwood," depicts an arrangement of what appear to be hundreds or possibly thousands of tube and bulb sculptures. And the work registered under registration number VA0002169192, titled "Field of Light at Sensorio," depicts an arrangement of thousands of tube and bulb sculptures in various colors covering a sixteen-acre grass field. |
| 5. The Work at issue in this action is a 2012 Munro three-dimensional decorative mixed-media sculpture depicted in Figure 2's two-dimensional deposit copy image reproduced below: (*image omitted*). US_03, 04; *see also* US_05, 06, 40 (additional deposit copy images depicting partial views of the Work and its | 5. Defendants dispute that Paragraph 5 contains factual assertions. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Plaintiff's Paragraph 5 restates the arguments in Plaintiff's Brief. Defendants do not dispute |

2

| **Plaintiff's Statement** | **Defendants' Response** |
|---|---|
| constituent elements); Figs. 1 and 2, *supra*. The Work's date of first publication was June 9, 2012. US_01-02. The Work is categorized as a work of the visual arts, 37 C.F.R. § 202.3(b)(1)(iii), which includes "sculptural works" and "three-dimensional works of the fine, graphic, and applied arts." *Id.* | that Figure 2 depicts one of the images provided to the Office as a deposit copy, that Plaintiff has identified the date of first publication of the Work as June 9, 2012, or that Plaintiff sought to register the Work as a sculpture. |
| 6 [footnote omitted]. The Work is made up of a selection, combination, and arrangement of *five* elements: a spike, stem, collar, spherical orb, and strand of optic fiber as shown in Figures 1 and 2, above. The Work visually consists of a clear transparent slender acrylic tubular "stem" spiked at one end, interlaced throughout with visible optic fiber, and crowned with and collared to a spherical uncolored clear glass orb visibly exposing and displaying therein the optic fiber's terminal end wound in a curled arrangement juxtaposed against the orb's interior circumferential wall. US_03-06, 16, 28; *see* also Figs. 1 and 2, *supra*. Both the stem and orb are clear and transparent, *id.*, thereby making the internal optic fiber and its intentional arrangement within those constituent parts visibly perceptible to an observer of the Work. *Id.* | 6. Defendants dispute that Paragraph 6 contains factual assertions. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Paragraph 6 restates the arguments in Plaintiff's Brief. Further, Paragraph 6 does not accurately reflect Plaintiff's previous characterizations of the work in the Administrative Record. *See, e.g.*, US_16, US_28 (Plaintiff describing the Work as consisting of three elements). Defendants do not dispute that the deposit images available at US_03 and US_04 of the Administrative Record depict the Work. Defendants note, however, that Plaintiff informed the U.S. Copyright Office Review Board that two of the images submitted as deposit copies (US_05, US_06) were not depictions of the specific work it sought to register and were "merely included previously for illustrative purposes." *See* US_11. |
| 7. [footnotes omitted] Creative, non-utilitarian artistic decisions visually reflected and evident in the Work's decorative sculptural design include, for example, (a) multiple geometric shape selections and juxtapositioned arrangements (i.e., a hollow tubular "stem" mated with and radiating from a hollow, thin-walled spherical orb); (b) relative size ratios and proportions between the stem and orb; (c) decorative interlacing, positioning, and arrangement of the optic fiber in both the stem and the orb portions; and (d) clarity selection such that the decorative internal optic fiber arrangements within the see-through stem and | 7. Defendants dispute that Paragraph 7 contains factual assertions and that Paragraph 7 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Paragraph 7 restates the arguments in Plaintiff's Brief. Defendants do not dispute that the deposit images available at US_03 and US_04 of the Administrative Record depict the Work. Defendants note, however, that Plaintiff informed the U.S. Copyright Office Review Board that two of the images submitted as deposit copies (US_05, |

3

| **Plaintiff's Statement** | **Defendants' Response** |
|---|---|
| orb are perceptible and visually observable, US_28-29; *see also* US_03-06; Figs. 1 and 2, *supra,* which together result in the sculptural Work's overall creative decorative visual appearance. | US_06) were not depictions of the specific work it sought to register and were "merely included previously for illustrative purposes." *See* US_11. |
| 8. On August 24, 2019, Munro filed copyright Application S.R.# 1-8001227961 with the USCO to register the sculptural Work as a work of the visual arts. US_01-02; *see also* 37 U.S.C. §202.3(b)(1)(iii) (classifying sculptures as works of visual art). Submitted with the Application were four deposit copy digital photos showing two-dimensional depictions of the Work, which included full and partial views from multiple angles and settings. US_03-06; *see also* US_07. | 8. Defendants dispute that Paragraph 8 accurately reflects the Administrative Record. Defendants do not dispute that the deposit images available at US_03 and US_04 of the Administrative Record depict the Work, and that Plaintiff submitted four paragraphs with his application.  Defendants note, however, that Plaintiff informed the U.S. Copyright Office Review Board that two of the images submitted as deposit copies (US_05, US_06) were not depictions of the specific work it sought to register and were "merely included previously for illustrative purposes."  *See* US_11. |
| 9. Munro is identified in the Application as the "Copyright Claimant" and the Work's date of first publication was identified as June 9, 2012. US_01-02. Munro sought copyright registration only as to the "artistic expression reflected in the non-useful sculptural features of the [Work] shown in [the] deposit copies." US_11. | 9. Defendants dispute that Paragraph 9 accurately reflects the Administrative Record. Defendants do not dispute that the application identified Plaintiff as the Copyright Claimant and listed the date of first publication as June 9, 2012.  However, Plaintiff merely described the Work as a "sculpture" in the application. US_01, US_02.  In response to correspondence from the Review Board, Plaintiff later clarified that he sought to register "the separable artistic expression reflected in the non-useful sculptural design features" of the Work.  *See* US_11. |
| 10. The Application titled the Work as "Untitled sphere, stem, spike, filament 3D sculptural design." US_02. As displayed in the four deposit copy digital images, *see* US_03-06, the Work features a selection, coordination, and arrangement of five (5) elements: (i) a clear, transparent, hollow, slender acrylic tubular "stem"; (ii) a spiraled "spike" adjoining the bottom of the stem; (iii) | 10. Defendants dispute that Paragraph 10 contains factual assertions and that Paragraph 10 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded.  *Jackson*, 101 F.3d at 153.  Here, Paragraph 10 restates the arguments in Plaintiff's Brief.  Further, Paragraph 10 does not accurately reflect |

4

| **Plaintiff's Statement** | **Defendants' Response** |
|---|---|
| a spherical uncolored transparent clear glass orb, from which the top of the stem radiates; (iv) a collar joining the orb and the top of the stem such that the stem is aligned with the orb's radius; and (v) a single strand of optic fiber interlaced and dispositioned within the stem and orb such that the optic fiber extends through the stem's interior and terminates in a wounded curled arrangement juxtaposed against the orb's interior circumferential wall. US_03-06, 16, 28; *see also* Figs. 1 and 2, *supra*. Due to the stem and orb's transparency, the internally-interlaced optic fiber and its internally-configured decorative arrangement is visible within those sculptural elements and communicated as a prominent feature of the Work. *Id.* | Plaintiff's previous characterizations of the work in the Administrative Record. *See, e.g.*, US_16, US_28 (Plaintiff describing the Work as consisting of three elements). Defendants do not dispute that the Plaintiff titled the Work "Untitled sphere, stem, spike, filament 3D sculptural design." Defendants also do not dispute that the deposit images available at US_03 and US_04 of the Administrative Record depict the Work, and that Plaintiff submitted four photographs with his application. Defendants note, however, that Plaintiff informed the U.S. Copyright Office Review Board that two of the images submitted as deposit copies (US_05, US_06) were not depictions of the specific work it sought to register and were "merely included previously for illustrative purposes." *See* US_11. |
| 11. On August 27, 2019, the USCO refused to register the Work for copyright. *See* US_13. The sparse refusal characterized the Work as "a useful article . . . that . . . does not contain any non-useful design element that could be copyrighted and registered," *id.*, and refused registration solely on that basis. | 11. Defendants dispute that Paragraph 11 contains factual assertions and that Paragraph 11 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Defendants do not dispute that the Office sent a letter refusing registration for the Work on August 27, 2019. But although Defendants characterize that letter as a "sparse refusal," that letter instead explained that the registration specialist had examined the Work, "concluded that it is a useful article, and determined that it does not contain any non-useful design element that could be copyrighted and registered." *See* US_13. |
| 12. Plaintiff filed two requests for reconsideration to the USCO on November 23, 2019 ("First Request"), and July 24, 2020 ("Second Request"), respectively. US_16-18, US_26-50. Plaintiff stated and provided proof and authority that the USCO's determination | 12. Defendants dispute that Paragraph 12 contains factual assertions and that Paragraph 12 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. |

5

| Plaintiff's Statement | Defendants' Response |
|---|---|
| that the sculpture was a "useful article" was unsupported by law or fact, *id.*, and that the Work readily surpassed the "extremely low" creativity threshold for copyright originality and registration. *Id.*; *see also* US_30-32. The USCO's review of both reconsideration requests was conducted under emergency COVID-19 pandemic procedures with USCO personnel working remotely. US_8-9. | *Jackson*, 101 F.3d at 153. Paragraph 12 restates the arguments in Plaintiff's Brief. Defendants do not dispute that Plaintiff filed two requests for reconsideration. On November 23, 2019, Plaintiff filed a First Request, in which he did not dispute that the Work was a useful article. US_16–18. Plaintiff's sole argument was that the Work contained "artistic expression that is separable from the Work's utilitarian function of illumination." *Id.* On July 24, 2020, Plaintiff filed a Second Request, in which he argued chiefly that the Work was registrable because it satisfied the *Star Athletica* separability test used for useful articles. US_26–34. In a footnote, Plaintiff stated that "*Star Athletica* is inapplicable as the subject Work does not qualify as a 'useful article' under § 101." US_30. Plaintiff also argued that the separable features of the Work exhibit "at least a 'modicum of creativity.'" US_31. Furthermore, while Defendants do not dispute that the Office's review of these requests occurred while the Office had shut down many of its on-site operations due to the COVID-19 pandemic, so that many Office personnel were working remotely, these "factual allegations [are] not material to [Plaintiff's] substantive claims." *Jackson*, 101 F.3d at 153. |
| 13. Plaintiff's Second Request provided photographic support for and detailed several readily-perceptible, non-negligible creative decorative author choices inherent in the selection, arrangement, configuration, and proportions of elements in the Work, noting also that selection of non-opaque stem and orb elements made visible the internal configuration and arrangement of the optic fiber element. US_28-29; *see also supra* at ¶6, 7, 10. Plaintiff's Second Request additionally explained with authority how the Work readily surpassed the "extremely low" or "slight" creativity legal threshold to sustain copyright, | 13. Defendants dispute that Paragraph 13 contains factual assertions and that Paragraph 13 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Paragraph 13 restates the arguments in Plaintiff's Brief. Defendants do not dispute that Plaintiff's Second Request asserted that the selection, arrangement, configuration, and proportions of the elements in the Work were creative and should be registered, or that Plaintiff attached exhibits to the Second Request that included photographs of |

6

| **Plaintiff's Statement** | **Defendants' Response** |
|---|---|
| US_30-32, and offered to provide a supplemental physical deposit copy of the Work for the USCO's inspection and review. US_28 at n.5 (offering a supplemental physical specimen of the sculpture); *see supra* n. 3. But the USCO did not afford itself of the physical copy of the Work and instead made its reconsideration determination without review of the three-dimensional sculpture itself, instead constraining its review to the less robust two-dimensional digital image deposit copies. US_03-06, 51. | Plaintiff's installations. Defendants also do not dispute that Plaintiff offered to provide a physical specimen of the Work and that the Office did not request a physical specimen. |
| 14. In denying the first request for reconsideration, the USCO reiterated its "useful article" refusal, US_20, citing *Star Athletica, LLC v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 1008 (2017) and on that case contended that "that [the Work] does not contain any separable, copyrightable features." US_20. While that basis for refusal was subsequently withdrawn, *see infra* at ¶15, the USCO also conjectured that the disposition and configuration of the optic fiber within the other sculptural elements "was not selected and arranged by the author, but instead, is caused by the natural curvature of the hollow tube and sphere," US_23, equated the Work to "[m]erely bringing together only a few standard forms or shapes," and rejected registration on the newly-stated ground that "the overall combination and arrangement of these shapes does not contain a **sufficient** amount of creativity to support a copyright claim." US_22 (emphasis added). | 14. Defendants dispute that Paragraph 14 contains factual assertions and that Paragraph 14 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Paragraph 14 restates the arguments in Plaintiff's Brief. Defendants do not dispute that the Office considered the sole argument Plaintiff had made in the First Request and denied the request on the basis that the Work was a useful article that did not contain separable copyrightable features. US_20–23. Defendants do not dispute that the Office's letter also stated that the configuration of the optic fiber within the other sculptural elements "was not selected and arranged by the author, but instead, is caused by the natural curvature of the hollow tube and sphere" and stated that "[m]erely bringing together only a few standard forms or shapes with minor linear or spatial variations" would not constitute the requisite creativity. US_22–23. |
| 15. On May 27, 2021, the USCO reconsidered Plaintiff's request for reconsideration the second time. US_51-57 ("Second Reconsideration"). The USCO therein reversed its prior basis for refusal, agreeing that "the [W]ork is not a useful article," US_55, and "is a sculptural work." *Id.* | 15. Defendants dispute that Paragraph 15 contains factual assertions and that Paragraph 15 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Here, Plaintiff's characterization—that |

7

| Plaintiff's Statement | Defendants' Response |
|---|---|
|  | the Office "reversed its prior basis for refusal"—does not accurately reflect the Administrative Record. While Defendants do not dispute that the refusal of Plaintiff's Second Request stated that "the Board agrees with Munro that the work is not a useful article because it is a sculptural work," the Review Board affirmed the Office's prior finding that the Work "does not contain the requisite authorship necessary to sustain a claim to copyright." US_55. |
| 16. But the USCO nonetheless refused again to register a copyright claim in the Work on the newly-stated ground "that the Work, considered as a sculpture, does not contain the requisite authorship necessary to sustain a claim to copyright," US_55, 57, contending that copyright originality's legal threshold for creativity was unmet. US _55. | 16. Defendants dispute that Paragraph 16 contains factual assertions and that Paragraph 16 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Here, Plaintiff's characterization of this ground as "newly stated" does not accurately reflect the Administrative Record. *See* US_23 ("this work does not contain sufficiently creative authorship either in the component elements or the selection and arrangement of the component elements and registration must be refused."). Defendants do not dispute that the Office refused Plaintiff's Second Request. |
| 17. In reaching its refusal in the Second Reconsideration, the USCO parsed the Work into separate elements, US_55, mentioning and assessing only three of the Work's five featured design elements. *See* US_51, 55-56 (mischaracterizing the Work as "the selection of three elements," US_55); *contra* US_03-06, 11 and *supra* at ¶6, 7, 10 and at Figs. 1 and 2 (discussing and displaying no less than five distinct sculptural elements). | 17. Defendants dispute that Paragraph 17 contains factual assertions and that Paragraph 17 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Here, Paragraph 17 restates the arguments in Plaintiff's Brief. Further, Paragraph 17 does not accurately reflect Plaintiff's previous characterizations of the Work in the Administrative Record. *See, e.g.*, US_16, US_28 (Plaintiff describing the Work as consisting of three elements). And the Review Board provided a detailed, thorough response to the Second Request in which it considered the Work's individual elements and |

8

| Plaintiff's Statement | Defendants' Response |
|---|---|
|  | the design as a whole and ultimately concluded that the Work lacked the creativity to be protectable by copyright.  US_51–57. |
| 18. (footnote omitted) In reaching its refusal, the USCO also compared those parsed portions of Munro's 2012 Work to certain much-later-in-time, differently-configured 2020 and 2021 online product listings, which the USCO cited web links to in its Second Reconsideration. US_55 at n. 2; & US_56 at n. 4 (citing, e.g., "hanging globe string lights," "string lights," and "cracked glass ball lights"). The USCO, in comparison thereon, characterized the Work as a "standard expression" of a combination of "simple geometric shapes." US_55-56. The USCO further labelled the parsed configuration of the Work's orb and interlaced fiber elements a "common design choice" encroaching on an idea rather than an expression. US_55-56. Although the USCO conceded the configuration of just those parsed elements in Munro's Work to at least to some extent evidence an expression, US_55, it nonetheless argued the expression to be "de minimus" and dictated not by the selection and arrangement chosen by Munro but instead solely by the orb's curvature. US_56. In none of the cited 2020-2021 comparative examples did the USPTO identify an overall combination, selection, and arrangement of the five elements incorporated into Munro's Work, nor did any comparative example include a selection and arrangement of optic fiber. US_55, 56. | 18. Defendants dispute that Paragraph 18 contains factual assertions and that Paragraph 18 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Here, Paragraph 18 restates the arguments in Plaintiff's Brief. Further, Paragraph 18 does not accurately reflect Plaintiff's previous characterizations of the Work in the Administrative Record. *See, e.g.*, US_16, US_28 (Plaintiff describing the Work as consisting of three elements). And the Review Board provided a detailed, thorough response to the Second Request in which it considered the Work's individual elements and the design as a whole and ultimately concluded that the Work lacked the creativity to be protectable by copyright. US_51–57. In its letter, the Review Board stated that "the selection of three elements (orienting the glass orb on top of the tube and inserting a filament inside) is a standard expression of lighted glass orbs," and cited to several examples of works that included those three elements. US_55. The Review Board also stated that "although Munro may have guided and chose the curve of the interior filament . . . this is a *de minimis* expression of the idea of placing lighted string in glass and granting protection on the basis of this curve would 'effectively accord protection to the idea itself.'" *Id*. |
| 19. In reaching its refusal, the USCO further refused to consider the impact of the transparency (i.e., clarity) of the stem and orb elements on the sculpture's overall appearance and on the ability to perceive the interlacing and selected arrangement of the optical fiber element within the Work's stem and orb | 19. Defendants dispute that Paragraph 19 contains factual assertions and that Paragraph 19 accurately reflects the Administrative Record. Where Plaintiff's statement "blend[s] factual assertions with legal argument," it should be disregarded. *Jackson*, 101 F.3d at 153. Here, Paragraph 19 restates the |

9

| Plaintiff's Statement | Defendants' Response |
|---|---|
| elements. US_55. Instead, the USCO cited § 310.9 of the COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES (3d ed. 2021) (hereafter "*Compendium*") to argue and assert that "the material composition of a work ***generally*** does not have a bearing on the originality analysis," US_55 (emphasis added). In doing so, the USCO rejected out of hand any consideration of the significant impact of the choice and selection of optical features (i.e., clarity and transparency) for those two design elements on the creativity, originality, and visual features of the Work as a whole. *Id*. | arguments in Plaintiff's Brief. And contrary to Plaintiff's characterization in Paragraph 19, the Review Board provided a detailed, thorough response to the Second Request in which it considered the Work's individual elements and the design as a whole and ultimately concluded that the Work lacked the creativity to be protectable by copyright. US_51–57. The Review Board explicitly considered the argument that the transparency of the elements were creative aspects of the Work, stating "Munro contends that part of the Work's purported creativity is the 'mix of multiple different selected materials . . . of chosen clarity,' Second Request at 5, but the material composition of a work generally does not have a bearing on the originality analysis." US_55 (citing *Compendium* § 310.9). |
| 20. The USCO's refusal to register the Work on Second Reconsideration constituted final agency action on Plaintiff's Application for registration of copyright in the Work. US_57, *see also* 37 C.F.R. § 202.5(g). | Undisputed. |

\*   \*   \*

| | |
|---|---|
| Dated:  June 7, 2023 | Respectfully submitted, |
| | MATTHEW M. GRAVES, D.C. Bar No. 481052<br>United States Attorney |
| | BRIAN P. HUDAK<br>Chief, Civil Division |
| By: | /s/ *Douglas C. Dreier*<br>DOUGLAS C. DREIER, D.C. Bar No. 1020234<br>Assistant United States Attorney – Civil Division<br>U.S. Attorney's Office for the District of Columbia<br>601 D Street, N.W.<br>Washington, D.C.  20530<br>(202) 252-2551<br>douglas.dreier@usdoj.gov |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | GARY L. HAUSKEN<br>Director |
| | */s/ Grant D. Johnson*<br>GRANT D. JOHNSON, D.C. Bar No. 1024489<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Washington, DC 20530<br>(202) 305-2513<br>Grant.D.Johnson@usdoj.gov |
| | *Counsel for the United States of America* |