UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE MUNRO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES COPYRIGHT OF-FICE, REGISTER OF COPYRIGHTS,<br><br>    Defendant(s). | Civil Action No. 22-2909 (TJK) |

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AND IN REPLY ON PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT

Carl F. Schwenker (TX #00788374)
cfslaw@swbell.net
LAW OFFICES OF CARL F. SCHWENKER
The Parsons House
3807 Duval Street, Suite E
Austin, TX 78751
512.480.8427 – Telephone
512.857.1294 – Facsimile

Joel B. Rothman (FL #98220)
joel.rothman@sriplaw.com
SRIPLAW
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Munr*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE MUNRO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES COPYRIGHT OF-FICE, REGISTER OF COPYRIGHTS,<br><br>    Defendant(s). | Civil Action No. 22-2909 (TJK) |

Plaintiff Bruce Munro ("Plaintiff" or "Munro") respectfully requests that this Court deny the Cross-Motion for Summary Judgment (DE 30 & 30-1, collectively "Cross-Motion"[1]) of the U.S. Copyright Office ("USCO") and the Register of Copyrights (together, "Defendants") and grant Plaintiff's Motion for Summary Judgment (DE 29, "Motion") to vacate the USCO refusal to register copyright in the work of visual art embodied in the uniquely original Munro three-dimensional sculpture (the "Work") that is the subject of U.S. copyright Application S.R.# 1-8001227961 (US_01-02, and together with its digital image deposit copies, US_03-04, the "Application").

## I. INTRODUCTION

The USCO is undeniably charged with the Constitutionally-significant task of processing more than half a million applications for copyright registration each year. *See* Cross-Motion at 6, n.2. Plaintiffs do not in this administrative appeal begrudge or belittle the import of that weighty task.

---

[1] Docket entries are referred to as "DE." The Administrative Record (DE 23) pages are cited as "US_". Page cites to the "Cross-Motion" refer to supporting memorandum DE 30-1. Capitalized terms have the same meaning as in Plaintiff's Motion.

Defendants' Cross-Motion, though, would have the Court view and insulate the USCO as infallible. Alas, as this Circuit has held, it is not. *See, e.g., Atari Games Corp. v. Oman,* 888 F.2d 878, 883-84 (D.C. Cir. 1989) ("*Atari I*"); *Atari Games Corp. v. Oman,* 979 F.2d 242, 244 (D.C. Cir. 1992) ("*Atari II*"). When assessing copyrightability even the USCO at times is arbitrary and capricious, *id.*,[2] deviates from the Supreme Court and this Circuit's longstanding "extremely low" "modicum of creativity" copyright originality threshold set in *Feist* and *Atari II*,[3] proceeds in an unauthorized, erroneous manner, overlooks or ignores an applied-for work's important aspects,[4] or

---

[2] The District of Columbia Court of Appeals' *Atari* cases twice rejected the USCO's refusal to register Atari's work, and therein set foundational standards for assessing a work's creativity that govern to this day. *See Atari I,* 888 F.2d at 883-84 (collecting cases and holding that a unique combination of even common elements is copyrightable); *Atari II,* 979 F.2d at 244 (holding that a "modicum of creativity" qualifies a work for copyright) (citing *Feist*).

[3] *Feist Pubs., Inc. v. Rural Tel. Svc. Co., Inc.*, 499 U.S. 340 (1991) ("*Feist*") is the Supreme Court's seminal opinion on the threshold for originality and creativity under the Copyright Act. Provided formalities are met, copyright protection subsists if a work "possess[es] some creative spark, 'no matter how crude, humble or obvious' it might be." *Feist* at 345 (quoting Nimmer at § 1.08[C][1]). "[T]he requisite level of creativity is *extremely low*; even *a slight amount* will suffice." *Id.* (emphasis added).

[4] Recently, the USCO reopened review and correctively granted registration to a work *after* a Copyright Office Review Board registration refusal. See *Registration Decision Regarding American Airlines Flight Symbol*, Correspondence ID 1-28H4ZFK; SR 1-3537494381 (Copyright Rev. Bd. Dec. 7. 2018) ("*American Airlines II*"), *available at* https://www.copyright.gov/rulings-filings/review-board/docs/american-airlines.pdf. Review was reopened when upon applicant's filing of an administrative appeal, *see* Complaint [ECF #1], *Am. Airlines. Inc. v. Temple*, No. 4:18-cv-843 (N.D. Tex. Oct. 12, 2018); *see also* Notice of Dismissal [ECF #5] at *id.* (N.D. Tex. Nov. 13, 2018), the USCO recognized it had misperceived from the outset elemental aspects of the work on its initial review of a low-resolution deposit copy specimen, but nonetheless carried that erroneous perception through and issued multiple registration refusals on the grounds of it at each stage of the review process. Compare *American Airlines II* (revisiting refusal and granting registration to the work) with *Second*

does some combination of these things—sometimes more than once in the same proceeding. *See, e.g., Atari I* and *Atari II*. This is one of those occasions.⁵

Here, Munro's three-dimensional sculpture—a hollow, transparent, deceptively complex sculpture of five distinctly proportioned and juxtaposed elements that visually incorporate the background and negative interior space via unique internal disposition and arrangement of a single optic fibre cable—possesses far more than the "modicum of creativity" required for copyright protection. *Atari II*, at 244.



---

*Request for Reconsideration for Refusal to Register American Airlines Flight Symbol*, Correspondence ID: 1-28H4ZFK; SR#: 1-3537494381 (Copyright Rev. Bd. Jan. 8, 2018) ("*American Airlines I*"), *available at* https://www.copyright.gov/rulings-filings/review-board/docs/american-airlines-flight-symbol.pdf (refusing registration).

⁵ Consideration of the Application was unusually difficult as USCO review of Munro's Work occurred over the COVID-19 pandemic national emergency, *see* US_16-57; Notice on the Continuation of the National Emergency Concerning the Coronavirus Disease 2019 (COVID-19) Pandemic, THE WHITE HOUSE (Feb. 10, 2023), *available at* https://www.whitehouse.gov/briefing-room/presidential-actions/2023/02/10/notice-on-the-continuation-of-the-national-emergency-concerning-the-coronavirus-disease-2019-covid-19-pandemic-3/, while the USCO operated remotely and "many staff members [were] not in the Office." US_07 (4/24/2020 comment).

US_03 (deposit copy and close-up views of the Munro sculpture).

Plaintiff Munro respectfully submits that his Motion, which is adopted by reference as if restated herein, overwhelmingly demonstrated that the USCO's refusal to register copyright on the above-depicted Munro sculpture[6] was arbitrary, capricious and, as such, an abuse of discretion that violated Munro's rights under the Copyright Act. Defendants' Cross-Motion does not dispel that inescapable conclusion, but instead crystallizes the shortcomings and arbitrariness that occurred during USCO review of Munro's Application plus highlights unconsidered aspects of the Work that compel the Court to vacate the registration refusal and return the Application to the USCO for further, proper review.

## II. ARGUMENT

All parties agree that except for one narrow question—i.e., is the Munro Work "creative"—the Work qualifies for copyright protection and U.S. registration. Boiled down, the key issue for this Court to decide on its APA administrative review of the final USCO agency decision on copyright registrability is therefore this: did the USCO apply correct legal standards, consider applicable facts, and adhere to proper procedures to assess whether the Work met the Copyright Act's "creativity" threshold. The Motion proved and the Cross-Motion now confirms that the USCO did not.

### a. Plaintiff's Submission of a Statement of Facts Was Proper.

As an initial matter, Defendants' Cross-Motion and accompanying Counter-

---

[6] Plaintiff never sought copyright over an idea or a concept, *see* 17 U.S.C. § 102(b); instead, as the USCO confirmed with Plaintiff, it is the particular sculptural expression shown and exemplified in the above digital image for which Munro sought copyright registration. *See* US_10-12.

Statement, DE 30-2, imply that Munro's inclusion of a statement of facts in the body of Plaintiff's Motion was not proper. *See* DE 30-2 ("Counter-Statement") at 1, n.1. But this district's local rules call for exactly what Plaintiff provided. *See* LCvR 7(h)(2) (In "cases in which judicial review is based solely on the administrative record . . . motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record."); *see also* Motion at 3-10 (providing fact statements cited to the Administrative Record).

Throughout their Counter-Statement the Defendants also repeatedly concede the accuracy of various statements of fact submitted by Munro, but with little to no explanation then quibble over whether the stated fact substantiated in the Administrative Record is material or not. Plaintiffs submit that the Court may disregard these unexplained and unsupported quibbles about materiality and, should any such analysis be needed, is accustomed in any event to filtering material and nonmaterial facts from one another and is well capable of doing so here.

### b. Defendants' Cross-Motion and Counter-Statement Confirm that the USCO's Review of Munro's Work was Incomplete and Overlooked Features and Elements of the Munro Work.

As the above deposit copy image (US_03; *see supra* at 3) from Munro's Application for registration visibly shows, the Munro sculpture includes a selection and arrangement of *five* juxtaposed, selectively-proportioned elements (i.e., clear acrylic tube, spherical clear glass orb, spike, translucent collar, length of translucent optical fibre cable) of selected materials chosen to in combination provide a perceptible overall shape and see-through visual effect to the sculpture. *Id*.; *see also* US_10-11, 28-30,

32 at n.12. Notably, in a circumstance like this where the selection of several transparent materials for the sculpture substantively and substantially impacts "how [the design is] perceived," *see Star Athletica,* 580 U.S. at 423, the USCO fails to properly consider the Work "as a whole "when it disregards this creative materials choice.

In an after-the-fact manner, however, Defendants' Cross-Motion and Counter-Statement try out several arguments—some new and not contained in the Administrative Record—aimed at constraining and parsing the Work down to *three* elements. *See* Counter-Statement at ¶6, 10, 17, 18 (contending that admissions in the Administrative Record during Plaintiff's discussion of the Work limit it to three elements); Cross-Motion at 16, 26 (directing new functionality arguments not made in the Administrative Record at two elements contained in the Work in an effort to disregard those elements when assessing the Work's copyrightability). These arguments—which are part of a clear effort by the Defendants to shield the USCO from its error (which the Administrative Record makes readily apparent) to consider as a whole all *five* elements of the Work visible in the deposit copy digital image included above and originally submitted with the Application, *see* US_03, 28, 30; *compare* US_55 (USCO erroneously calling the Work "the selection of three elements"); *see also* US_51, 55-56—miss the mark and the effort backfires. They instead confirm overarching errors during agency review of the Work that require the registration refusal to be vacated and the Application to be returned to the USCO for further review.

### i. The Counter-Statement.

The Counter-Statement inaccurately says that Munro conceded that the

sculpture only "consist[s] of three elements." *E.g.*, Counter-Statement at 3, C2:R2, ¶6 (citing US_16, 28).

First, that is not so. The cited pages of the Administrative Record instead mention the Work as having *more* than three elements. *See* US_16, 28. The submitted deposit copy images show that, too. *See* US_03, 04.

Second, communications during agency review on certain elements or features of a work do not exclude others' existence. A statement would not alter the actual content, elements, or features of a work—particularly when (as here) deposit copy photos in the record demonstrate them to exists. US_03.

Third, no matter the communications that occurred, they would not diminish the USCO's legal obligation to consider the Work "as a whole," *Atari I,* 888 F.2d at 882; *Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005); *Mitek Holdings, Inc. v. Arce Engineering Co, Inc.*, 89 F.3d 1548, 1553-54 (11th Cir. 1996), including all elements of the Work. Here, provided USCO personnel were using monitors with reasonably typical and adequate resolution,[7] each of the Work's five distinct elements are visible

---

[7] The USCO's pandemic-driven remote work environment during the agency review period associated with the Application, *see supra* n.5, may in a manner akin to the circumstances in *American Airlines I and II*, *see supra* n. 4 (noting pixel-resolution-related analysis issues with the American Airlines' deposit copy), have been the paramount cause of the USCO's failure at various stages to note from deposit copies each of the reasonably-visible discrete elements present in the Munro Work. Notably, Defendants concede that Plaintiff offered during the agency review period to provide the USCO with a physical specimen of the Work, *see* Counter-Statement at 7, R1:C2, ¶13; US_28, n.5, providing a clearer view of the three-dimensional Work as a whole and each of its elements, but was not taken up on the offer. *Id*. Plaintiff submits that review should be reopened as in *American Airlines II*, and the registration refusal vacated.

from the submitted deposit copy image, US_03, and none can be simply disregarded from consideration absent a rationale in the Administrative Record.

Far from supporting Defendants' position that it considered the Work as a whole, the Counter-Statement instead conclusively *dis*proves USCO's contention that it did so. No possibility exists that the USCO considered the whole Work since the Counter-Statement *specifically admits* that the USCO considered just "'three elements . . . the glass orb . . .[,] the tube and [ ] a filament.'" Counter-Statement at 9, ¶18 (quoting US_55). This explicit USCO admission that it did not consider all elements of the Work forecloses the possibility that it considered the Work "as a whole," which is mandatoy under this Circuit's *Atari I* opinion. *Atari I,* 888 F.2d at 882.

Thus, the Counter-Statement admits via cited Administrative Record excerpts and conclusively proves *as a matter of law* that the USCO neither considered the material facts relevant to the Work nor followed governing law. Thus, its refusal to register copyright in the Work was arbitrary, capricious, and, thus, an abuse of discretion, and must be vacated.

### ii. The Cross-Motion.

Like the Counter-Statement, arguments made in the alternative in the Cross-Motion undermine and *dis*prove the Defendants' position on the adequacy of the USCO's agency review of the Munro Work.

The Cross-Motion now argues in an effort to curtail the Counter-Statement's concession of agency error that the Work's two elements overlooked during USCO agency review may be disregarded by this Court as "functional" elements. Cross-

Motion at 16, 26 (making new functionality arguments aimed at two of the Work's elements). During USCO agency review of Munro's Application, however, the USCO did not articulate that position or determination (or any others) against either of the Work's two overlooked elements. Nor is this functionality argument present in the Administrative Record.

The functionality attack on the Work's two overlooked elements, it turns out, is a new creation of the Cross-Motion. Thus, as to this argument, the Cross-Motion does not seek review of the USCO agency decision; rather, it asks the Court instead to "substitute its judgment for that of the agency," which is improper and unallowed. *Ardmore Consulting Grp., Inc. v. Contreas-Sweet*, 118 F. Supp. 3d 388, 393 (D.C.C. 2015). Moreover, by advocating in the Cross-Motion for a Court-conducted functionality assessment of the two overlooked elements, the Defendants thereby concede that both of those two elements (and, thus, the Work as a whole) *were not* assessed during USCO agency review *and* confirm that the Application *must* be returned to the USCO for further review so that the USCO—rather than the Court on an administrative appeal under the APA—may have the first pass at evaluating and making determination(s) on either of those two elements, including as to issues of functionality.

Thus, the Cross-Motion and the Counter-Statement each compel the Court to vacate the registration refusal and return the Application to the USCO for further, proper consideration.

c. **Defendants' Reliance on their *Compendium* and on Out-of-Circuit Cases that Ratchet the Creativity Threshold for Copyright Above *Feist*'s and this Circuit's *Atari* Opinions is Misplaced.**

   i. **The *Compendium*'s Pitfalls.**

Defendants' linchpin argument in defense of the USCO decision on Munro's Work and Application is that the USCO followed procedures and copyright law as *interpreted* in the USCO-drafted internal manual, the COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES (3d ed. 2021) ("*Compendium*"), *available at* https://www.copyright.gov/comp3/docs/compendium.pdf. *See, e.g.*, Cross-Motion at 12, 36; US_24, 52, 55. The *Compendium* "is the administrative manual of the U.S. Copyright Office." 86 F.R. 3205. It "explains many of the practices and procedures concerning the Office's mandate and statutory duties under title 17 of the United States Code" and is "a technical manual for the Copyright Office's staff." 37 CFR 201.2(b)(7).

Defendants' Cross-Motion treats the *Compendium* and its guidance as if it were sacrosanct. *See* Cross-Motion at 12, 36. But it is not. Unlike statutes or cases,

> The *Compendium* does not override any existing statute or regulation. The policies and practices set forth in the *Compendium* do not in themselves have the force and effect of law and are not binding upon the Register of Copyrights or U.S. Copyright Office staff.

*Compendium*, Introduction, p. 2. Worse here, it is out of compliance with and purports to ratchet up the threshold for assessing a work's creativity beyond *Feist* and this Circuit's governing *Atari* opinions. Plus, several of its provisions—including those relied on by the USCO in the Administrative Record—quite literally inject inherent arbitrariness into USCO copyright creativity determination.

### 1. Multiple *Compendium* provisions compel arbitrary determinations.

In reaching, explaining, and defending the USCO decision on the creativity of the three-dimensional Munro sculpture in the Application, Defendants cite and rely on certain *Compendium* provisions that, on their face and by their explicit rejection of precedent, build a high degree of arbitrariness into every copyrightability determination, including this one.

The most egregious provisions, which the USCO cited back to Plaintiff's citation of other seemingly lesser-creative works that previously received copyright registration, include the following:

- "The determination of copyrightability will be made on a case-by-case basis." *Compendium* § 309.3.

- "Prior registration decisions [ ] have 'no precedential value' and are 'not binding' on the Office." US_56 (quoting *Compendium* § 309.3).

- A registration "specialist[s] will not compare the deposit copy(ies) with other works that have been previously registered with the Office." *Compendium* § 309.1.

These provisions, quite literally, meet the dictionary definition of "arbitrary" as they would permit, facilitate, and actually uphold reaching opposite outcomes on sequential applications to register the identical work. *See, e.g.,* MERRIAM-WEBSTER ONLINE DICTIONARY ("arbitrary: depending on individual discretion (as of a judge) and not fixed by law"). Compounding that is the counterintuitive directive in the *Compendium* that no one at the USCO needs to follow any of its provisions anyway. *See Compendium*, Introduction, p. 2 ("The policies and practices set forth in the *Compendium* . . . are not binding upon the Register of Copyrights or U.S. Copyright Office staff.").

11

## 2. The *Compendium* standards on creativity that were relied on by the USCO do not square with *Feist* or this Circuit's *Atari* opinions.

The Copyright Act and cases interpreting it, not the *Compendium*, set the standards for copyrightability. With regard to copyright originality's creativity inquiry, *Feist* proscribes nationally that copyright protection subsists if there is "some creative spark, 'no matter how crude, humble or obvious," *Feist*, 499 U.S. at 345 (quoting Nimmer at § 1.08[C][1]), clarifying further that "the requisite level of creativity is *extremely low*; even a *slight* amount will suffice." *Feist*, 499 U.S. at 345.

As interpreted further in this Circuit, a "modicum of creativity" qualifies a work for copyright. *Atari II,* 979 F.2d at 244. Plus, the *Atari* cases that govern the copyright inquiry in this Circuit further hold that a unique combination of even common elements is copyrightable. *See Atari I,* 888 F.2d at 883-84. The Work, with its depicted selection and arrangement of five elements (at least three of which cannot be dismissively characterized as standard geometric shapes), readily satisfies *Feist* and the *Atari* cases that govern in this Circuit, and the USCO was required to analyze the Work pursuant to (not just with lip service to) those cases.

In contrast, the *Compendium* and its provisions on creativity that the USCO relied on during agency review of the Work provide a different, higher threshold plus inject a level of variance and discretion not present in or allowed for under *Feist* or the *Atari* cases, including in the following USCO-relied-on provisions:

- "In all cases, a visual art work must contain a <u>sufficient</u> amount of creative expression. Merely bringing together only a few standard forms or shapes with minor linear or spatial variations does not satisfy this requirement." *Compendium* § 905.1 (emphasis added).

- Even if useful article meets a separability test for copyright protection, "the U.S. Copyright Office still must determine if the design is <u>sufficiently</u> original to warrant registration." *Compendium* § 906.1 (emphasis added).

- A work consisting merely of "common geometric shapes" will not be registrable "unless the author's use of those shapes results in a work that, as a whole, is <u>sufficiently</u> creative." *Compendium* § 906.1 (emphasis added)

As a result of this reliance on standards and thresholds that conflict with *Feist* and the *Atari* cases, the USCO deviated from applicable standards, necessitating again that the registration refusal be vacated.

### III. CONCLUSION

For the foregoing reasons and those in the Motion, Plaintiff Munro respectfully requests that this Court grant Plaintiff's Motion for Summary Judgment, deny Defendants' Cross-Motion for Summary Judgment, and as a result vacate the refusal to register copyright in Munro's three-dimensional Work and return the Application to the USCO to conduct a renewed, proper review.

Dated: August 3, 2023              Respectfully submitted,

**LAW OFFICES OF CARL F. SCHWENKER**

*/s/ Carl F. Schwenker*
Carl F. Schwenker (TX #00788374)
cfslaw@swbell.net
The Parsons House
3807 Duval Street, Suite E
Austin, TX 78751
512.480.8427 – Telephone
512.857.1294 – Facsimile

Joel B. Rothman (FL #98220)
joel.rothman@sriplaw.com
**SRIPLAW**
21301 Powerline Road, Suite 100

Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Munro*

## CERTIFICATE OF SERVICE

On <u>August 3, 2023</u>, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record in this action.

<u>*/s/Carl F. Schwenker*</u>
Carl F. Schwenker (TX #00788374)
